# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 27, 2010

137990 & (113)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SAULT STE. MARIE TRIBE OF CHIPPEWA
INDIANS,
   Plaintiff/Counter-Defendant/
   Appellee,

v

BERNARD BOUSCHOR,
   Defendant/Appellant,

and

DANIEL T. GREEN, DAVID E. SCOTT, JAMES
M. JANNETTA, and DANIEL J. WEAVER,
   Defendants/Counter-Plaintiffs/
   Appellees,

and

PAUL W. SHAGEN, JOSEPH M. PACZKOWSKI,
and JOLENE M. NERTOLI,
   Defendants/Counter-Plaintiffs,

and

MILLER, CANFIELD, PADDOCK & STONE,
P.L.C.,
   Defendant/Appellee.
_____/

SC: 137990
COA: 276712
Chippewa CC: 04-007606-CC

   By order of September 18, 2009, we directed the parties to provide supplemental briefs. On order of the Court, the briefs having been received, the application for leave to appeal the November 18, 2008 judgment of the Court of Appeals is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we AFFIRM on alternative grounds the Court of Appeals affirmance of the trial court's denial of defendant Bernard Bouschor's motion for summary disposition. MCL 691.1407(5) provides immunity to "elective . . . executive official[s]" of the *state of Michigan* "acting

within the scope of [their] . . . authority," not to those of a sovereign Indian nation. The defendant, as a former executive official of a sovereign Indian nation, is therefore not entitled to governmental immunity under the law of the state of Michigan. MCL 691.1407(2) provides qualified immunity to an "officer . . . of a governmental agency" who "reasonably believes he or she is acting within the scope of his or her authority." Similar to MCL 691.1407(5), MCL 691.1407(2) applies only to officers of "the state or a political subdivision." See MCL 691.1401(c), (d). Accordingly, the defendant is not entitled to qualified immunity under Michigan's governmental tort liability act. In incorporating Michigan's governmental tort liability act into its own tribal code, as it did for all laws of the state of Michigan that do not conflict with the tribal code, the plaintiff tribe has only provided immunity to *Michigan* governmental employees and officers, not to its own employees and officers.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 27, 2010

Clerk